11 LANDRIEU, J.,
CONCURRING IN PART AND DISSENTING IN PART.
I concur in the majority opinion to the extent that it affirms the trial court judgment dismissing the suit against Midland Risk Insurance Company.
I respectfully dissent from the portion of the opinion that affirms the trial court’s judgment holding Judith Dickerson liable for permitting her uninsured daughter to drive the vehicle.
Negligent conduct is a cause-in-faet if it is considered a substantial .factor in bringing about the harm. Regional Transit Authority v. Lemoine, 93-1896, 93-1897 (La.App. 4 Cir. 11/16/95), 664 So.2d 1303, writ denied 96-0412 (La.3/29/96), 670 So.2d 1234. To prove liability under a duty-risk analysis, the plaintiff must establish that the defendant’s conduct was the cause in fact of the resulting harm, that the defendant owed a duty to the plaintiff which was breached and the risk of harm was within the scope of protection afforded by the duty breached. Campbell v. Louisiana Department of Transportation and Development, 94-1052 (La.1/17/95); 648 So.2d 898.
Had Christina Dickerson been a known unlicensed, incompetent or impaired driver, Mrs. Dickerson could be found liable under the theory of negligent entrustment. There is, however, no precedent for finding a party liable for ^permitting a competent, licensed but uninsured person to operate that party’s vehicle.
There is no causal connection between Judith Dickerson’s exclusion of Christina as a named insured under the insurance policy and her daughter’s negligent operation of the vehicle. In other words, the absence of insurance was not a cause in fact or contributing cause of the accident in this case.
If the majority’s holding is correct then an insured owner under a policy, who permits a named excluded party to operate her vehicle, could be liable for the full damages sustained by a successful plaintiff even if those damages exceed the policy limits. Such a result is unjust where the worse that could be said of the owner is that she deprived the plaintiff of coverage.